UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20362

YOLANDA ALVAREZ BAEZ,

    Plaintiff,

vs.

FRONTON HOLDINGS, LLC,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGES**

Plaintiff, Yolanda Alvarez Baez, sues Defendant, Fronton Holdings, LLC d/b/a Casino Miami, for overtime wages owed to her that Defendant failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Yolanda Alvarez Baez**, was and is a resident of Monroe County, Florida, at all times material, and he is *sui juris*. She was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times her regular rate of pay for all time spent working over 40 hours per week from Defendant who consents to participate in this lawsuit.

2.     **Defendant, Fronton Holdings, LLC**, is a Massachusetts for-profit Limited Liability Corporation that does business as Casino Miami and conducts its for-profit business in Florida, and it is *sui juris*. It maintains a place of business here, in Miami-Dade County, Florida, where it employed and was obligated to pay Plaintiff.

1

3. Defendant was Plaintiff's employer, as that term "employer" is defined by 29 U.S.C. §203 (d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains a principal place of business, because Defendant employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

*Background Facts*

5. Defendant engaged in interstate commerce in the course of their legalized gambling business at all times material to this action. They offer food, beverages, alcoholic beverages, gambling through slot machines and poker, concerts, boxing, and related amenities which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

6. Defendant engages in interstate commerce in the course of its receipt of billings submission of payments involving out-of-state vendors. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000 at all times relevant to this lawsuit.

7. Defendant owns and operates Casino Miami, an entertainment facility that offers food, beverages, alcoholic beverages, gambling through slot machines and poker, wagering, concerts, boxing, and related amenities using vehicles, slot machines, beverage dispensers, POS machines, computers, computer networking equipment, furniture, closed circuit television and surveillance equipment, handheld radios, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

8. Plaintiff worked for Defendant from December 20, 2011 through April 19, 2016 at different positions within the food and beverage department of Casino Miami.

9. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in Defendant's exclusive custody.

10. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her using cellular telephones, handheld radios, computers, and other goods and supplies provided to her by Defendant that moved through interstate commerce.

11. Plaintiff also regularly and routinely utilized emails that she sent and received through interstate commerce as a part of her work activities.

12. Defendant paid Plaintiff a set salary of $1,346 every two weeks ($35,000 per year).

13. Although Defendant classified Plaintiff as a "Supervisor", Plaintiff's primary duty was performing non-managerial and/or non-executive work.

14. For weeks if not months, Defendant required that Plaintiff work as a server and/or in the kitchen, where she would perform additional non-exempt work (and not supervise or manager the work performed by others).

15. Plaintiff routinely worked approximately 50 to 60 hours per week for Defendant, except for the last few months of her employment when she worked close to 40 hours per week.

16. Defendant would deduct pay if Plaintiff worked less than 40 hours in a workweek.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

17. Ultimately, Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular rate of pay for all hours worked over 40 hours in a given workweek.

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

19. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

*Nature of Liability*

20. Defendant willfully and intentionally refused to pay Plaintiff overtime wages calculated at a rate of time and one-half her regular rate of pay for each of the overtime hours worked during the relevant time period.

21. Defendant either recklessly failed to investigate whether its failure to pay an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay her overtime by misclassifying her as an exempt employee, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned by misclassifying her as an exempt employee.

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yolanda Alvarez Baez, demands the entry of a judgment in her favor and against Defendant, Fronton Holdings, LLC d/b/a Casino Miami, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C.

4

§ 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

f. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 26th day of January, 2017.

                                      Respectfully Submitted,

                                      FAIRLAW FIRM
                                      7400 N. Kendall Drive
                                      Suite 450
                                      Miami, FL 33156
                                      Tel:    305.230.4884
                                      Fax:    305.230.4844

                                      *s/Brian H. Pollock, Esq.*
                                      Brian H. Pollock, Esq.
                                      Fla. Bar No. 174742
                                      brian@fairlawattorney.com

6

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*