## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between Yolanda Alvarez Baez and all of her agents, successors, heirs, and assigns (collectively referred to as "Plaintiff"), and FRONTON HOLDINGS, LLC, along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its and their past and present owners, officers, directors, shareholders, franchisees, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "the Company"). This Agreement shall be effective upon execution by all parties and Court approval. The Plaintiff and the Company shall be jointly referred to as the "Parties."

### Recitals

**WHEREAS**, Plaintiff was at one time employed by the Company; and

**WHEREAS**, Plaintiff is seeking damages against the Company under the Fair Labor Standards Act for alleged unpaid wages in the case styled *Yolanda Alvarez Baez v. Fronton Holdings, LLC*, Case Number 17-CV-20362, currently pending in the United States District Court for the Southern District of Florida ("the Litigation"); and

**WHEREAS**, the Company denies all allegations and disputes all claims raised by Plaintiff; and

**WHEREAS**, Plaintiff and the Company desire to compromise, finally settle, and fully release any and all claims Plaintiff has against the Company raised in the Litigation; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the Parties, the sufficiency of which is hereby acknowledged, Plaintiff and the Company hereby agree to the following Terms and Conditions:

### Terms and Conditions

1.      All of the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2.      Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice the claims by Plaintiff against the Company in the pending Litigation. If required by the Court, the Parties agree that this Agreement will be submitted to the Court for review and will be subject to Court approval.

3.      In consideration for Plaintiff's execution of this Agreement, the Company agrees that, within fourteen (14) days from the date the Court approves this Agreement, it will:

        A.      Pay Plaintiff the gross amount of Three Hundred Thirty Dollars ($330.00), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Plaintiff may have made

against the Company for alleged unpaid wages. This amount will be reported on a Form W-2 issued to Plaintiff;

B.  Pay Plaintiff the gross amount of Three Hundred Thirty Dollars ($330.00), to resolve any and all claims for liquidate damages Plaintiff may have made against the Company. This amount will be reported on a Form 1099 issued to Plaintiff; and

C.  Pay Plaintiff's attorneys, Fairlaw Firm, (EIN #20-1722656), the amount of Three Thousand Ninety Dollars ($3,090.00), to resolve any and all claims Plaintiff may have made against the Company for attorneys' fees and costs.   This amount will be reported on a Form 1099 to be issued to Plaintiff and a Form 1099 issued to the FairLaw Firm.

4.     Plaintiff hereby agrees, represent and warrants that Plaintiff shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to those payments under Section 3 of this Agreement for which a 1099 shall issue, and that Plaintiff will fully satisfy all taxes, liens, and assignments which may arise as a result of her receipt of the settlement payments.  Plaintiff represents that she is not subject to any garnishment or wage deduction order, including but not limited to any order for the payment of child support.

5.     Plaintiff agrees that absent her agreement to the provisions of this Agreement she is not otherwise entitled to the payments described above and that the payments described above are not substitutes for anything to which she is otherwise entitled.  Plaintiff affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions, benefits and any other monies due and owing to her resulting from her employment with the Company.  Plaintiff further states that this settlement fully resolves all of her attorneys' fees and costs arising from the Litigation.

6.     The Parties agree and acknowledge that there has been no undue influence, overreaching, collusion or intimidation in reaching the settlement described herein and that the settlement was reached voluntarily and after full consultation with the Parties' respective counsel.

7.     Plaintiff has consulted with an attorney prior to executing this Agreement about the terms and conditions of this Agreement.  Plaintiff agrees that she has signed this Agreement knowingly, voluntarily, and after such other consultation as she thought appropriate.

8.     In further consideration for the payments described above:

A.  Plaintiff generally releases, satisfies and forever discharges the Company of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.,* which Plaintiff ever had, now has or may have against the Company.

B.  Plaintiff represents that, with respect to the claims she is waiving, she is waiving not only her right to recover money or other relief in any action that they might institute under the Fair Labor Standards Act, but she is also waiving her right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including the U.S. Department of Labor ("DOL").

C.  Plaintiff, on behalf of herself, her heirs, executors, administrators, and assigns, knowingly and voluntarily waives, releases and discharges the Company from any and all claims, known and unknown, that Plaintiff has or may have against the Company as of the date of execution of the Agreement. This release is comprehensive and includes any claim that Plaintiff could assert against the Company based upon acts or omissions that occurred, or that could be alleged to have occurred, before Plaintiff executes this Agreement. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised in the Litigation and claims based on, among other things: negligent or intentional tortious conduct; express or implied contract; covenants of fair dealing and good faith; wrongful discharge; the Family and Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Worker Adjustment Retraining and Notification Act; the Age Discrimination in Employment Act, the Florida Civil Rights Act; Florida's Whistleblower Act; any other federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Plaintiff executes this Agreement or claims for ERISA plan benefits or administrative charges of discrimination (although Plaintiff releases any right to monetary recovery in connection with such a charge).

D.  If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company is a party.

9.    Plaintiff affirms that, except for the Litigation, she has not filed with any governmental agency or court, any type of action against the Company. Plaintiff understands and agrees that if any action is brought by a third party with regard to the claims and causes of action released in this Agreement, she will not accept any payments or monetary relief relating to any such claims or causes of action.

10.     Plaintiff agrees that, unless she is compelled to do so by law, she will not disclose to any other person any information regarding the existence or substance of this Agreement, except that they may discuss the terms of this Agreement with her tax advisor, or an attorney with whom Plaintiff chooses to consult regarding her consideration of this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person.  Plaintiff affirms that she has not made any prior disclosures that, if made after signing this Agreement, would have violated this obligation of confidentiality.  Plaintiff further agrees that she will not initiate or participate in any discussion or communication concerning or relating to ehr employment with the Company, the termination of that employment, and/or the Litigation.  If, and only if, another person asks Plaintiff about the Litigation and/or her claims against the Company, her response shall be limited to the following statement: "I've dropped it, and don't want to talk about it."  In addition, Plaintiff agrees not to disparage or say or write negative things about the Company, its officers, directors, agents, or employees.  Plaintiff understands that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration she is giving to the Company in this Agreement and for which the Company is making the Settlement Payment. Notwithstanding the foregoing, Plaintiff understand that she retains the right to communicate with any federal, state or local government agency, including but not limited to the EEOC, NLRB, DOL, DOJ, SEC and FCHR, and that this communication can be initiated by them or can be in response to the government's inquiry to them. Plaintiff acknowledges that nothing in this paragraph prohibits her from testifying truthfully in court, during any legal proceeding, or during any government or regulatory investigation, or from cooperating with or making truthful disclosures to any government agency.

11.     As further consideration for the payments described above, Plaintiff agrees that, because of circumstances unique to her (including their irreconcilable differences with the Company), she is not qualified for re-employment with the Company now or in the future and promises that she will not apply for or accept future employment with the Company; and that in the event she does apply for such employment with the Company, the Company may reject her application legitimately and lawfully solely because they breached this promise.  Plaintiff further agrees that if she becomes employed by the Company without having obtained a written waiver of this provision from an officer of the Company, she will resign her employment with the Company when asked to do so in writing by an officer of the Company.  Plaintiff also agrees not to visit Company property located at Casino Miami, 3500 NW 37th Avenue, Miami, Florida 33142.

12.     The Parties agree that each party shall be responsible for their own costs and attorneys' fees in connection with this Agreement except as set forth in this Agreement. However, the Parties reserve any and all rights to enforce the terms of this Agreement.  If any lawsuit is brought to enforce or interpret the terms of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its costs of court, including all reasonable attorneys' fees at all trial and appellate levels, in addition to any other relief to which such prevailing party may be entitled.

13.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, substantive, procedural and remedial, notwithstanding any

conflict of laws analysis to the contrary.  The Parties further agree that the proper venue for any dispute is Miami-Dade County, Florida.

14.    No party has relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement.

15.    The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein.

16.    This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Company.

17.    In addition to having the opportunity to negotiate this Agreement, before signing it, Plaintiff has been advised to consult with, and has in fact consulted with, her attorney to obtain advice about her rights and obligations under this Agreement.  Plaintiff represents that she has carefully read this Agreement and finds that it has been written in language that she understands.  Plaintiff has been given a reasonable period of time to consider whether to accept this Agreement, and have signed it only after reading, considering and understanding it.  If Plaintiff signs this Agreement before the expiration of the reasonable period of time, she is expressly waiving her right to consider the Agreement for any remaining portion of that reasonable period.

18.    The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

19.    This Agreement may only be amended in writing signed by the Parties.

20.    This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

21.    This Agreement shall not be construed against the Company by reason of the fact that they were responsible for the drafting of this Agreement or any provision of this Agreement.

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

**PLAINTIFF FURTHER STATES AND AGREES THAT SHE HAS CAREFULLY READ THIS AGREEMENT; THAT SHE HAS HAD IT REVIEWED BY HER ATTORNEY; THAT IT HAS BEEN FULLY EXPLAINED TO HER BY HER ATTORNEY; THAT SHE FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO HER TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT SHE HAS HAD A REASONABLE PERIOD OF TIME**

WITHIN WHICH TO CONSIDER THE AGREEMENT; AND THAT SHE IS SIGNING

THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE COMPANY OF ANY AND ALL CLAIMS.

_____
YOLANDA ALVAREZ BAEZ

Dated: 4/3/17


FRONTON HOLDINGS, LLC

By: _____

Typed Name: Gevork Khachatrian

As: CFO

Dated: 4/3/17